**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-22-00671-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Maria D L Dolore Flores B, et al., | |
| Defendants. | |

At issue is Plaintiff G&G Closed Circuit Events LLC's Application for Default Judgment. (Doc. 21.) Plaintiff filed this action on April 22, 2022 (Doc. 1) and Defendants were served throughout May of that year (Docs. 11-14). The Clerk entered default against Defendants after they failed to answer or otherwise respond to the complaint. (Docs. 16, 18, 20.)

Plaintiff brings a claim under the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, and an alternative claim under the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq.*, both arising out of Defendants' allegedly unlawful interception and display of a televised fight, for which Plaintiff had exclusive distribution rights, at their restaurant. Plaintiff seeks default judgment only on its primary claim under § 605. (Doc. 21-1 at 4 n.1.) Plaintiff seeks $5,000 in statutory damages and $20,000 in enhanced statutory damages. (Doc. 21-5 at 2.) Plaintiff submitted a memorandum explaining the factual and legal basis for its claim, affidavits from

investigator Gerardo Hose and Plaintiff's President, as well as a declaration from counsel certifying that the requirements of Federal Rule of Civil Procedure 55 are met. (Docs. 21-1, 21-2, 21-2, 21-4.)

Taking the allegations in the complaint as true, as the Court must, *see Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003), and crediting the affidavits and declaration from counsel, the Court finds entry of default judgment is appropriate. After considering the commercial fee Defendants would have had to pay to lawfully intercept and display the televised fight, the number of patrons present at the restaurant at the time the fight was unlawfully displayed, and the lack of evidence that Defendants increased the prices of their goods and services or charged patrons additional amounts to enter the restaurant and view the fight, the Court finds that $1,200 in statutory damages and $3,600 in enhanced statutory damages is an appropriate and sufficient sanction that "deters but does not destroy." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Default Judgment (Doc. 21) is **GRANTED**. Judgment shall be entered against Defendants and in favor of Plaintiff as follows:

1. $1,200 for the violation of 47 U.S.C. § 605(e)(3)(C)(i)(II).
2. $3,600 for the violation of 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff may submit a request for costs and attorney fees within 14 days of entry of this order.

Dated this 9th day of February, 2023.

Douglas L. Rayes
United States District Judge